# 25-1055

U.S.C.A. — 7th Circuit
RECEIVED
FEB 2 1 2025

IN THE

# United States Court of Appeals

## FOR THE SEVENTH CIRCUIT

---

PAUL M. DAUGERDAS

*Petitioner-Appellant*

--against--

COMMISSIONER OF INTERNAL REVENUE

*Respondent-Appellee*

-----------------------------

ON APPEAL FROM THE UNITED STATES TAX COURT

---

## BRIEF AND APPENDIX FOR PETITIONER-APPELLANT

---

PAUL M. DAUGERDAS
*Pro Se*
816 Forest Avenue
Wilmette, IL 60091-1718
(312) 890-3333

# TABLE OF CONTENTS

Page

JURISDICTIONAL STATEMENT ................................................ 1

ISSUES PRESENTED FOR REVIEW ............................................ 2

CONCISE STATEMENT OF THE CASE ....................................... 3

SUMMARY OF THE ARGUMENT ............................................... 6

ARGUMENT ........................................................................... 9

    STANDARD OF REVIEW.......................................................... 9

    THE RESPONDENT LACKS THE AUTHORITY TO ASSESS
    AND COLLECT RESTITUTION PURSUANT TO 26 U.S.C. SECTION
    6201(a)(4) IN THIS CASE........................................................ 9

    THE RESTITUTION IN THIS CASE WAS ORDERED UNDER
    THE MANDATORY VICTIM'S RESTITUTION ACT, WHICH DOES
    NOT PERMIT RESTITUTION FOR TITLE 26 OFFENSES.................... 10

    26 U.S.C. SECTION 6201(a)(4) COLLECTION AUTHORITY
    WOULD BE AVAILABLE FOR THE MAJORITY OF ORDERS FOR
    RESTITUTION – THOSE CONTAINED IN PLEA AGREEMENTS.......... 13

    THE SCOPE OF 26 U.S.C. SECTION 6201(a)(4) WAS INTENDED
    TO BE AND IS QUITE LIMITED................................................ 14

    THE RESTITUTION ORDERED IN THIS CASE WAS CLEARLY FOR
    AN OFFENSE AGAINST PROPERTY AS THE RESULT OF A
    VIOLATION OF 18 U.S.C. SECTIONS 371 AND 1371 AND NOT
    TITLE 26........................................................................ 15

ANY AUTHORITY FOR COLLECTION UNDER AN 18 U.S.C. SECTION 3556 ORDER MUST NECESSARILY BE SUBJECT TO THE TERMS OF THAT ORDER..................................................18

THE RESPONDENT COMMISSIONER CANNOT IGNORE THE TERMS OF A JUDICIAL ORDER UNDER THE SEPARATION OF POWERS DOCTRINE...................................................20

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS...22**

# TABLE OF AUTHORITIES

## CASES

*Connecticut Nat. Bank v. Germain*
    503 U.S. 249, 112 S. Ct. 1146, 117 L. Ed 2d 3911992)............................12

*Cook v. City of Chicago*
    12 F. 3d 69(7th Cir. 1999)............................................................ 9

*Inhabitants of Montclair Twp. v. Ramsdell*
    107 U.S. 47, 2 S. Ct. 391, 27 L. Ed. 431 (1883)................................. 12

*Klein v. Commissioner*
    149 T.C. 341. October 3, 2017......................................................14

*Perrin v. United States*
    444 U.S. 37, 100 S. Ct. 311. 62 L. Ed. 2d 199 (1979)..........................11,19

*Regions Hosp. v. Shalala*
    522 U.S. 448 (1998)................................................................12

*United States v. Adams*
    955 F. 3d 238 (2nd Cir. 2020)...................................................... 10

*United States v. Cummings*
    189 F. Supp. 2d 67 (SDNY 2002)..................................................17

*United States v. Daugerdas*
    867 F. Supp. 2d 445 (SDNY 2012), 237 F. 3d 212 (2nd Cir. 2016),
    *cert den.,* 138 S.Ct. 62 (2017)................................................... 3

*United States v. Elkin*
    731 F. 2d 1005 (2nd Cir.), cert den. 469 U.S. 822, 105 S. Ct. 97 (1984).........16

*United States v. Gottesman*
    122 F. 3d 150 (2nd Cir. 1997).....................................................10

*United States v. Helmsley*
    941 F. 2d 71 (2nd Cir. 1991)..................................................... 16

*United States v. Martinez*
    812 F. 3d 1200 (10th Cir. 2015).................................................19,20

*United States v. Minneman*
    143 F. 3d 274 (7th Cir. 1998)...................................................... 17

*United States v. Nordic Village, Inc.*
    503 U.S. 30 (1992)...................................................................12

*United States v. Razzouk*
    98 4 F. 3d 181 (2nd Cir. 2020)..................................................... 15

*United States v. Shim*
    54 F. 3d 394 (2nd Cir. 2009).......................................................9

*United States v. Silkowski*
    32 F. 3d 682 (2nd Cir. 1994).......................................................17

*United States v. Villongco*
    Cr. Case No. 07-009 (BAH), D.DC July 11, 2016...............................19

**STATUTES**

18 U.S.C. Section 371.............................................3, 6, 7, 10, 15, 16, 17

18 U.S.C. Section 1341........................................... 3, 6, 7, 10, 15, 16, 17

18 U.S.C. Section 3556........................... 2, 3, 4, 6, 7, 9, 10, 13, 15, 18, 19

18 U.S.C. Section 3663............................................................13

18 U.S.C. Section 3663A.............................................. 2, 7, 10, 13, 15

18 U.S.C. Section 3664(f)(2)......................................................19

26 U.S.C. Section 6201(a)(4)………..……….2, 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, 17, 18

26 U.S.C. Section 6320………………………………………………………. 1,6

26 U.S.C. Section 6330(d)………………………………………………….1,6

26 U.S.C Section 7442…………………………………………...………..1

26 U.S.C. Section 7482(a)……………………………………………………1

# JURISDICTIONAL STATEMENT

(A)  The basis of the jurisdiction of the United States Tax Court in the underlying case (Tax Court Docket Number 7350-20L) is contained in 26 U.S.C. Section 7442, which provides that the Tax Court has jurisdiction to review Collection Due Process cases instituted by the Commissioner of Internal Revenue pursuant to 26 U.S.C. Sections 6320 and 6330, and specifically, 26 U.S.C. Section 6330(d), which provides that a timely filed petition to the Tax Court following a determination in a due process hearing authorizes Tax Court review and states that "… the Tax Court shall have jurisdiction with respect to such matter."

(B)  The United States Court of Appeals jurisdiction is provided for in 26 U.S.C. Section 7482(a), which states that the Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court in the same manner and to the same extent as decisions of the district court in civil actions.

(C) The Notice of Appeal to the Court of Appeals from the decision of the Tax Court entered on October 9, 2024, was filed on January 3, 2025, which is within the 90-day notice of appeal filing requirement of Tax Court Rule 190(a), and is thus timely.

(D) The appeal is from a final order that disposes of all parties' claims.

1

## ISSUES PRESENTED FOR REVIEW

1. Whether the Appellee Respondent Commissioner of Internal Revenue has the authority, as provided in 26 U.S.C. Section 6201(a)(4), to collect restitution from Appellant Petitioner Daugerdas under an order pursuant to 18 U.S.C. Section 3556 for "...failure to pay any tax imposed under THIS TITLE..." (i.e., Title 26, emphasis added) despite the fact that the relevant underlying 18 U.S.C. Section 3556 order in the instant case did not impose restitution under Title 26, but rather, imposed restitution under 18 U.S.C. Section 3663A, (the Mandatory Victims Restitution Act, or MVRA) which does not permit or authorize restitution for Title 26 offenses, and thus places the responsibility for administering and collecting restitution solely on the Department of Justice and the United States District Court.

2. Whether, assuming, *arguendo,* that the Respondent Commissioner has such authority, notwithstanding the clear, unequivocal, straightforward, and unambiguous language of both the statute and the relevant underlying 18 U.S.C. Section 3556 order to the contrary, the Respondent Commissioner is bound by and required to comply with and follow such order with respect to the timing and amount of restitution payments.

## CONCISE STATEMENT OF THE CASE

1. The underlying Tax Court case is based upon a review of administrative Collection Due Process proceedings in which the Respondent Commissioner sought to collect restitution, and impose liens and levies therefor, based upon a restitution order issued by the United States District Court for the Southern District of New York in *United States v. Daugerdas*, 867 F. Supp. 2d 445 (SDNY 2012), 237 F.3d 212 (2nd Cir. 2016), *cert. den.*, 138 S. Ct. 62 (2017).

The Respondent Commissioner seeks to collect the restitution ordered in the case by invoking the provisions of 26 U.S.C. Section 6201(a)(4), which permits him to collect restitution for a failure to pay a tax under Title 26, pursuant to an 18 U.S.C. Section 3556 order for restitution for failure to pay a tax under Title 26. In the instant case, however, the Tax Court properly expressly stated that restitution was ordered as mandated by the Mandatory Victim's Restitution Act (MVRA), with respect to which restitution is required for violations of 18 U.S.C. Sections 371 and 1341, dealing with mail fraud and conspiracy, for which Petitioner was convicted.

Thus, the restitution in the instant case was clearly ordered for a "loss" incurred as a result of violations of said Sections 371 and 1341 of Title 18 of the United States Code, and NOT for a failure to pay any tax imposed under Title 26. The MVRA does not permit or authorize restitution for Title 26 offenses.

3

In its Order of January 10. 2022, (Tax Court Docket Number 36, at pages 5-6, Appendix Item A), the Tax Court ruled to the contrary, and that issue is presented for review. Additionally, in that same order, the Tax Court ruled that the Respondent Commissioner's filing of a federal tax lien was sustained (at page 8).

Accordingly, it is contended that Respondent Commissioner is without any authority to seek or collect restitution from Petitioner in this case, and the filing of a federal tax lien is improper, as the authority for collection under 26 U.S.C. Section 6201(a)(4) is for a failure to pay a tax under Title 26, not for a loss for which restitution was ordered under !8 U.S.C. Sections 371 and 1341, and thus, the United States Department of Justice and the United States District Court have the sole authority to collect the restitution.

2. The Respondent Commissioner has taken the position that, assuming *arguendo* the validity of the existence of his authority conferred by 26 U.S.C. Section 6201(a)(4), he is not bound by the terms of that order. However, such authority, by its terms, is granted "...UNDER an order pursuant to 18 U.S.C. Section 3556..." (emphasis added). Thus, any actions taken in furtherance of that alleged grant of authority (if existent) must necessarily be taken pursuant to the terms of that Section 3556 order in the instant case. The restitution ordered in the instant case pursuant to 18 U.S.C. Section 3556 is contained in the

4

Judgment Order dated June 27, 2014 (SDNY 09 CR 581, Docket Document Number 838, page 7, Item F) and provides, *inter alia,* that the ordered restitution is to be collected by the remission of "…10% of the gross monthly income…" of the defendant subsequent to his release from incarceration and not for any greater or different amount or based on any different time frame. The position of the Respondent to the contrary is without merit, and the order of the Tax Court dated October 9, 2024 (Tax Court Docket Number 127, Appendix Item B) to the effect that Petitioner is not entitled to make payments of restitution on an installment basis, as was ordered by the United States District Court for the Southern District of New York, is not correct.

## SUMMARY OF THE ARGUMENT

The initial question is whether the Respondent has the authority under Title 26, Sections 6201(a)(4), 6320, and 6330 to assess and collect restitution ordered for solely nontax crimes payable to the Internal Revenue Service as the victim of losses attributed to third parties other than the Petitioner.

The offenses of which Petitioner was convicted and for which restitution was ordered – violations of 18 U.S.C Sections 371 and 1371, were not violations of Title 26, but the Respondent Commissioner nonetheless relies for his collection authority upon the provisions of 26 U.S.C. Section 6201(a)(4), which provides that his assessment and collection authority only extends to criminal restitution for Title 26 taxes imposed pursuant to an order of restitution under 18 U.S.C. Section 3556. The statute, however, specifies that the restitution authorized to be assessed and collected must be pursuant to an order under Section 3556 of Title 18 "…for failure to pay any tax imposed under this title…". The reference to "this title" must necessarily refer to the title under which the authorizing statute is promulgated (i.e. Title 26), as Title 18 does not "impose" any taxes (and a reference to Title 18 would properly be specified as a reference to "that" title).

As was stated by the Tax Court, "At the sentencing hearing, the District Court expressly stated that restitution was ordered as mandated by the MVRA [Mandatory Victim's Restitution Act]. " (August 11, 2021 Tax Court Order,

6

Docket Number 26, at page 6). The MVRA, codified at 18 U.S.C. Sec. 3663A, does not permit or authorize restitution for Title 26 offenses.

The restitution ordered was clearly and unequivocally for a "loss" incurred as the result of violations of 18 U.S.C. Sections 371 and 1341, and NOT "restitution under an order pursuant to Section 3556 of title 18, United States Code, for failure to pay any tax imposed under [Title 26]," as provided in 26 U.S.C. Sec. 6201 (a)(4)(A), and accordingly the provisions of that section, authorizing the Secretary of the Treasury to assess and collect restitution for failure to pay any Title 26 tax do not apply and there is, therefore, no such collection authority.

Additionally, since the authority conferred by 26 U.S.C. Section 6201(a)(4) is granted to the Respondent Commissioner "...under an order pursuant to 18 U.S.C. Section 3556..." any actions taken in furtherance of that grant of authority (if existent) must necessarily be taken pursuant to the terms of that Section 3556 authorizing order. In the instant case, that order provides, *inter alia,* that the restitution is to be collected from the defendant by the remission of "...restitution payments in monthly installments of 10% of his gross monthly income..." subsequent to his release from incarceration (see SDNY 09 CR 581, Judgment in a Criminal Case, Docket Document Number 838, Page 7, item F) and not for any greater or different amount or based on any different time frame. The order of the Tax Court of October 9, 2024 (Appendix Item B) that the Petitioner is not entitled

7

to an installment agreement should be reversed as being inconsistent with the authorizing order.

Further, the Respondent Commissioner should be prohibited from taking any executive branch action contrary to the authorizing restitution order due to a violation of the separation of powers doctrine of the United States Constitution.

**ARGUMENT**

Standard of Review

The meaning of particular terms in a statute is a question of law, and questions of statutory interpretation are reviewed *de novo. Cook v. City of Chicago*, 12 F. 3d 693, 697 (7th Cir. 1999), *U.S. v. Shim,* 54 F. 3d 394, 395 (2nd Cir. 2009).

## The Respondent Lacks the Authority to Assess and Collect Restitution Pursuant to 26 U.S.C. Sec. 6201(a) in This Case.

Respondent Commissioner relies for his authority to collect restitution on the provisions of the statute at 26 U.S.C. 6201(a)(4), which states: "The Secretary shall assess and collect the amount of restitution under an order pursuant to section 3556 of title 18, United States Code, for failure to pay any tax imposed under this title in the same manner as if such amount were such tax."

Thus, the statute requires a failure to pay a tax under "this title" - which reference must necessarily be to the title under which the purported authorizing statute is promulgated (i.e. Title 26), as Title 18 does not "impose" any taxes (and a reference to Title 18 would properly be specified as a reference to "that" title); in addition to an order under 18 U.S.C. Section 3556 to that effect. Neither is

9

present in the instant case.

## The Restitution in this Case Was Ordered under the Mandatory Victim's Restitution Act, Which Does Not Permit Restitution for Title 26 Offenses

As was stated by the Tax Court, "At the sentencing hearing, the District Court expressly stated that restitution was ordered as mandated by the MVRA [Mandatory Victim's Restitution Act]. "August 11, 2021, Tax Court Order, Docket Document Number 26, at p. 6. The MVRA, codified at 18 U.S.C. Sec. 3663A, does not permit or authorize restitution for Title 26 offenses. "Federal courts have no inherent power to order restitution. Such authority must be conferred by Congress through statute." *United States v. Gottesman*, 122 F. 3d 150, 151 (2d Cir. 1997). The Title 26 tax offenses of which Petitioner was convicted are clearly NOT among those enumerated in the MVRA federal restitution statute. *United States v. Adams,* 955 F. 3d 238, 250 (2d Cir. 2020).

The restitution ordered was clearly and unequivocally for a "loss" incurred as the result of violations of 18 U.S.C. Sections 371 and 1341, and NOT "restitution under an order pursuant to Section 3556 of title 18, United States Code, for failure to pay any tax imposed under [Title 26]," as provided in 26 U.S.C. Sec. 6201 (a)(4)(A), and accordingly the provisions of that section, authorizing the Secretary of the Treasury to assess and collect restitution for failure to pay any Title 26

10

tax in the same manner as if such amount were such tax, are wholly inapplicable here.

In its order of January 10, 2022 (Tax Court Docket Document Number 36, Appendix Item A), the Tax Court stated "Section 6201(a)(4) expressly extends respondent's assessment and collection authority to mandatory restitution under the MVRA." (at page 4). That statement is plainly and categorically untrue, as the Section 6201(a)(4) statute clearly and unquestionably makes no mention whatsoever of the MVRA. That order goes on to actually affirm Petitioner's argument that the Respondent Commissioner is without authority to collect restitution in stating "Mandatory restitution is not available to Title 26 violations." (at page 4).

That order then astonishingly proceeds to propose that "Accordingly, the plain language of the statute means that Congress intended to extend assessment and collection to tax-related title 18 offenses to which mandatory restitution applies." (also at page 4). This, despite the fact that the plain language of the statute states to the contrary, and requires no interpretation of meaning. Ordinary rules of statutory construction dictate that the words take "their ordinary, contemporary, common meaning...at the time Congress enacted the statute." *Perrin v. United States,* 444 U.S. 37, 42, 100 S. Ct. 311, 62 L.Ed.2d 199 (1979). In the process of reading a statute, it is a court's "duty...to give effect, if possible, to every clause

and word [,]…avoiding…any construction which implies that the legislature was ignorant of the meaning of the language employed." *Inhabitants of Montclair Twp. v. Ramsdell,* 107 U.S. 147, 152, 2 S. Ct. 391, 27 L. Ed. 431 (1883). As was stated in *Regions Hosp. v. Shalala,* 522 U.S. 448, 467, (1998), courts must interpret statutes in a manner that gives meaning to each provision and does not render any part superfluous; *United States v. Nordic Village, Inc.,* 503 U.S. 30, 36 (1992). A court "must presume that a legislature says in a statute what it means." *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253-54, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992).

The Tax Court also suggests in its January 10, 2022, Order (Tax Court Docket Document Number 36, Appendix Item A) at page 4, that the legislative history of 26 U.S.C. Section 6201(a)(4) supports its "interpretation" of the statute that Congress intended to extend the Respondent Commissioner's collection authority to tax-related Title 18 offenses, despite the clear statutory language to the contrary, and the obvious lack of any need for interpretation, by referring to the report of the Staff of the Joint Committee on Taxation's General Explanation of Tax Legislation Enacted in the 111th Congress (J. Comm. Print 2011), the so-called "Blue Book," at 459-461, in "(stating that ALTHOUGH RESTITUTION CANNOT BE ORDERED FOR TITLE 26 OFFENSES [emphasis added] it is mandated in tax-related offenses under title 18 and the IRS is responsible for investigating such

12

offenses)." The statutory language contains no mandate for Title 26 offenses and the responsibility for tax investigations is not relevant to any determination. The language also makes it clear that Congress was totally aware of the fact that restitution was not available for Title 26 offenses when they enacted a statute requiring the imposition by order of a tax under Title 26 in order to invoke the collection authority of Respondent Commissioner.

### 26 U.S.C. Section 6201(a)(4) Collection Authority Would Be Available For the Majority of Orders for Restitution – Those Contained in Plea Agreements

Any argument that the provisions of 26 U.S.C. Section 6201(a)(4) would be meaningless absent the inclusion of offenses subject to the provisions of the MVRA under 18 U.S.C. Section 3663A, as suggested by the Tax Court in its order of January 10, 2022, at page 4, (Appendix Item A) due to the reference to 18 U.S.C. Section 3556 in 26 US.C. Section 6201(a)(4), is wholly without merit, as the reference to Section 3556 definitionally also includes in Section 3556, in addition to Section 3663A, the provisions of 18 U.S.C. Section 3663.

That section provides, at 18 U.S.C. Section 3663(a)(3), that "The court may order restitution in any criminal case to the extent agreed by the parties in a plea agreement." Thus, any case concluded in a plea agreement which provides for

13

restitution for the payment of a tax imposed under Title 26 would obviously be subject to the language of the statute and permit the Respondent Commissioner to exercise collection authority under 26 U.S.C. Section 6201(a)(4).

According to a 2023 report by the American Bar Association's Plea Bargain Task Force, nearly 98% of federal convictions nationwide resulted from plea bargains. It may thus be reasonably concluded that the vast majority of federal convictions for violations of Title 26 would be subject to the collection authority of the Secretary of the Treasury, assuming that the U.S. Attorney and/or the Respondent included the appropriate language in the plea agreement.

## The Scope of 26 U.S.C. Section 6201(a)(4) Was Intended to Be and Is Quite Limited

As the Respondent Commissioner correctly noted in its Opposition to Petitioner's Motion for Summary Judgment dated May 14, 2021, Tax Court Docket Number 14, at page 6, the Tax Court concluded in the case of *Klein v. Commissioner*, 149 T.C. 341, October 3, 2017, "that Section 6201(a)(4) was *ONLY intended to enable the IRS to assess the exact amount of restitution in the criminal case." (emphasis added). The purpose was to fix an accounting problem for the IRS, not to give it authority to change the court's order. The *Klein* court elucidated the "modest aim" of Congress expressed in the Blue Book referring to

14

the legislation in stating, "According to the Joint Committee, the intended effect of Section 6201(a)(4) was LIMITED to improving the IRS' bookkeeping. "(emphasis added), which was accomplished by allowing them to create an account receivable on the transcript of the taxpayer.

## The Restitution Ordered in This Case Was Clearly for an Offense Against Property as the Result of a Violation of 18 U.S.C. Sections 371 and 1371 and not Title 26

The conclusion that the restitution in the case was not ordered for a failure to pay a tax under Title 26 should obtain notwithstanding the fact that the "victim" under 18 U.S.C. Sec. 3663A may have been "directly and proximately harmed" by a loss of revenue based upon an amount which was measured, calculated, and determined based upon unpaid taxes and interest.

As the Tax Court correctly noted in its Order of August 11, 2021, (Tax Court Docket Document Number 26) "The District Court ordered restitution under the MVRA for mail fraud and conspiracy, both of which are title 18 offenses, and named the IRS as the victim on the basis of loss of tax revenue. Petitioner was convicted of title 26 offenses but the restitution was NOT imposed for title 26 offenses." (emphasis added).

The order to pay restitution pursuant to Section 3556 of Title 18 was not issued for failure to pay a tax imposed under Title 26, but rather for an "offense against

property," as provided in 18 U.S.C. Sec. 3663A(c)(1)(A)(ii), which is necessary to implicate the 18 U.S.C. Sec. 3663A restitution provisions. *United States v. Razzouk*, 984 F. 3d 181, 187 (2d Cir. 2020). As noted by the court in *United States v. Helmsley*, 941 F. 2d 71 (2d Cir. 1991), "...the Internal Revenue Service [and the State of New York] can be 'victims'..." at 101.

Significantly, the majority in *Helmsley,* while stating that restitution is in fact and law a payment of unpaid taxes, took great care to note that the restitution imposed was NOT for a failure to pay taxes under Title 26, as that authority had not been conferred by Congress (referring to *United States v. Elkin,* 731 F. 2d 1005, 1010-1011 (2d Cir.), cert denied, 469 U.S. 822, 83 L. Ed 2d 43, 105 S. Ct. 97 (1984)), and found, accordingly, that the district court was barred from ordering restitution for tax-related offenses. As they clearly stated, however, the relevant convictions in that case were for "conspiracy... and mail fraud...violations of Title 18 – 18 U.S.C. Sec. 371 and 18 U.S.C. 1341, respectively," and held that "...conspiracy and mail fraud are crimes distinct from their underlying predicate acts and purposes, and involve additional harms." Those are exactly the facts in the instant case. The argument of the Tax Court that there is no distinction between a tax loss and a failure to pay an imposed tax is without merit and wholly unsupported by both the statute and the case law.

16

As a result of the *Helmsley* analysis, the court found that since the restitution was ordered not for a violation of Title 26, but rather for "separable or distinguishable kinds of harm or damage" that are "distinct from their underlying predicate acts and purposes" - the offense of failure to pay tax - that "nothing...limits the court's power to order restitution in such instances." (at 101-102). See also *United States v. Minneman*, 143 F. 3d 274 (7th Cir. 1998), affirming that conspiracy is a separate crime from the underlying predicate act.

As the court indicated in *United States v. Cummings*, 189 F. Supp. 2d 67 (S.D.N.Y. 2002), at 76, the Second Circuit has added that restitution may ONLY be ordered "for losses that [were]... directly caused by the conduct composing the offense of conviction, *United States v. Silkowski*, 32 F. 3d, 682, 689 (2d Cir. 1994) (emphasis supplied)." In this case, the conduct composing the offense of conviction was not the failure to pay a tax imposed by Title 26, but rather consisted of conspiracy and mail fraud.

The restitution ordered was clearly and unequivocally for a "loss" incurred as a result of violations of 18 U.S.C. Sections 371 and 1341, and NOT for a failure to pay any tax imposed under Title 26, and, as indicated, the MVRA does not permit or authorize restitution for Title 26 offenses.

Accordingly, Respondent Commissioner is without any authority to seek or collect restitution from Petitioner in this case, as the authority for collection under

17

26 U.S.C. section 6201(a)(4) is for a failure to pay a tax under Title 26, not for a loss for which restitution was ordered under 18 U.S.C. Sections 371 and 1341. Thus, the authority and responsibility for the collection of restitution resides with the District Court and the Department of Justice, and the Respondent Commissioner should be denied the ability to proceed with any collection actions, and the federal tax lien imposed should be revoked

## Any Authority for Collection Under an 18 U.S.C. Section 3556 Order Must Necessarily Be Subject to the Terms of That Order

Inasmuch as the authority conferred by 26 U.S.C. Section 6201(a)(4) is granted "…UNDER an order pursuant to 18 U.S.C. Section 3556…" (emphasis added), any actions taken in furtherance of that grant of authority (if existent) must necessarily be taken pursuant to the terms of that Section 3556 order in the instant case, which provides, *inter alia,* that the ordered restitution is to be collected by the remission of "…10% of the gross monthly income…" of the defendant subsequent to his release from incarceration and not for any greater or different amount or based on any different time frame. The position of the Respondent Commissioner that he is not subject to the terms of the order under which his authority (if existent) was granted is clearly erroneous.

Such an interpretation ignores the commonly understood meaning of the word,

"under" – "...in or into a position below or beneath something;" "below some quality, level, or limit;" "in or in a position of subjection, [or] subordination;" "subject to the authority, control, guidance, or instruction of," "subject to the action or effect of," "less or lower than," "subordinate." (See *Webster's New International Dictionary, Unabridged,* Merriam-Webster, Inc., 2024). As noted previously, the rules of statutory construction require that the words of a statute must take "their ordinary, contemporary, common meaning...at the time Congress enacted the statute." *Perrin v. United States, ibid.* Thus, it is eminently clear from the statute that the authority granted by the statute (if any) must necessarily be subject to, subordinate to, and follow the terms of the 18 U.S.C. Section 3556 authorizing order, which includes specifications as to the amount and timing of the ordered restitution.

As the court clearly stated in the case of *United States v. Martinez,* 812 F. 3d 1200 (10th Cir. 2015), "The government can enforce a restitution order only in a manner that does not exceed the payment obligations set out in the restitution order" (at 1202). Additionally, the court cited to the statute under 18 U.S.C. Sec. 3664(f)(2) and noted "('[T]he *court* shall...specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid...' (emphasis added)). Thus the government can enforce only what

the district court has ordered the defendant to pay.

As indicated by the court in *United States v. Villongco* , Cr. Case No. 07-009 (BAH), (D.D.C. July 11, 2016), "...this Court is not persuaded that any provision or purpose of the MVRA permits the government to ignore the specific terms of the restitution order, including, in particular, a payment schedule imposed after consideration of the requisite statutory factors concerning the economic circumstances of the defendant. As the Tenth Circuit has stated, '[t]he government has statutory authority to enforce only the terms of a restitution order, not to take an enforcement action that would exceed a restitution order's payment terms." *Martinez, ibid,* at 1207.

## The Respondent Commissioner Cannot Ignore the Terms of a Judicial Order Under the Separation of Powers Doctrine

The doctrine of separation of powers is derived from the text and structure of the United States Constitution. A separate and equal independent branch of the federal government is to exercise each of the government's three basic functions: legislative, executive, and judicial. The Vesting Clause of Article III of the United States Constitution states that "[t]he judicial Power of the United States shall be vested in one supreme court, and in

such inferior courts as the Congress may from time to time ordain and establish...."
In this case, the United States District Court for the Southern District of New York has exercised its judicial power in specifying both the amount of restitution to be made and the manner and extent of its payment. To permit the Internal Revenue Service, an agency of the Executive Branch, to usurp this power by unilaterally changing, modifying, and ignoring a validly issued judgment of the empowered judicial branch would constitute an unwarranted, illegal, and unconstitutional violation of the separation of powers doctrine inherent in the United States Constitution.

Accordingly, if, assuming *arguendo,* that the collection authority of the Respondent Commissioner exists, (and Petitioner strenuously argues that it does not) then such authority must necessarily be limited to the terms and conditions contained in the authorizing order, including the specifications regarding payment in installments, and this Court should so rule.

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limitation and word limit of Federal Rule of Appellate Procedure 32(a)(7)(B), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 4,603 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times Roman type font.

Paul M. Daugerdas
*Pro Se*
Dated: 2/17/2025

# 25-1055

IN THE

# United States Court of Appeals

## FOR THE SEVENTH CIRCUIT

PAUL M. DAUGERDAS

*Petitioner-Appellant*

--against--

COMMISSIONER OF INTERNAL REVENUE

*Respondent-Appellee*

----------------------------

ON APPEAL FROM THE UNITED STATES TAX COURT

## APPENDIX FOR PETITIONER-APPELLANT

PAUL M. DAUGERDAS
*Pro Se*
816 Forest Avenue
Wilmette, IL 60091-1718
(312) 890-3333

# APPENDIX

Page

ITEM A – UNITED STATES TAX COURT ORDER DATED
JANUARY 10, 2022 (TAX COURT DOCKET DOCUMENT
NUMBER 36)..................................................................1


ITEM B – UNITED STATES TAX COURT ORDER AND DECISION
DATED OCTOBER 9, 2024 (TAX COURT DOCKET DOCUMENT
NUMBER 127)..............................................................12



# United States Tax Court
Washington, DC 20217

Paul M. Daugerdas,                    )
                                      )
                Petitioner            )
                                      )
        v.                            )    Docket No. 7350-20L.
                                      )
Commissioner of Internal Revenue,     )
                                      )
                Respondent            )

## ORDER

On January 25, 2021, petitioner filed a motion for summary judgment in this collection due process (CDP) case challenging the propriety of the filing of a notice of Federal tax lien (NFTL) and a notice of intent to levy (proposed levy) for the collection of a criminal restitution pursuant to section 6201(a)(4).[1] He also seeks review of a rejection of a proffered installment agreement that conforms with the payment schedule in the criminal restitution order. Respondent objects to the granting of the motion.

<u>Background</u>

The following background is derived from the parties' pleadings, motion papers, declarations, attachments, and the criminal case. When petitioner filed his petition, he resided in Illinois.

In October 2013 petitioner, a former attorney, was convicted in the U.S. District Court for the Southern District of New York of four counts of client tax evasion in violation of section 7201, one count of obstructing the due administration of tax laws in violation of section 7212(a), one count of conspiracy to defraud the Internal Revenue Service (IRS) under 18 U.S.C. section 371, and one count of mail fraud under 18 U.S.C. secs. 1341, in connection with his sale of

---

[1]Unless otherwise indicated, all section and title references are to the Internal Revenue Code (Code), title 26, U.S.C., in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

fraudulent tax shelters. United States v. Daugerdas, 837 F.2d 212, 220 (2d Cir. 2016). The District Court sentenced petitioner to 180 months of incarceration followed by three years of supervised release, ordered him to pay restitution of $371,006,397 to the IRS, and entered a preliminary forfeiture order of $164,737,500. During the sentencing hearing on June 25, 2014, the District Court stated that the Mandatory Victims Restitution Act (MVRA) applied to mandate restitution and named the IRS as petitioner's victim. The Court stated that petitioner is "responsible for the full amount of the restitution" and "[y]ou will pay restitution in a total amount of $371,006,397, joint and several, with your co-conspirators". The Court did not address a payment schedule or expressly state that payment was immediately due.

On June 26, 2014, the District Court entered a written forfeiture order and the next day, filed a written judgment of the sentence using a preprinted form that included a section titled "Schedule of Payments" from which the Court could set the payment terms for the restitution by choosing from six boxes including options for payment immediately due and deferred, installment payments. The Court checked the box for "Special instructions" and wrote, as amended on October 30, 2014, that petitioner "shall make restitution payments in monthly installments of 10% of his gross monthly income over a period of supervision to commence 30 days after his release from incarceration." It also checked a box that made interest due on any unpaid restitution beginning 15 days after entry of the judgment.

CDP Hearing

On February 26, 2018, while petitioner was incarcerated, respondent made an assessment for 1994, 1998, 1999, and 2000. On April 24, 2018, respondent issued the proposed levy notice, and on May 4, 2018, the NFTL filing. Petitioner timely requested a CDP hearing. On August 1, 2018, a settlement officer (SO) from the Appeals Office conducted a telephone CDP hearing with petitioner. The SO requested that petitioner provide financial records to establish his inability to pay. In the notice of determination, the SO stated that petitioner did not provide records to substantiate his inability to pay. The SO stated that he provided an extension of several weeks for petitioner to remit the financial records.

On March 2, 2020, respondent assessed additional amounts for the years at issue, which combined with the earlier assessments equal the total amount of court-ordered restitution. On May 6, 2020, respondent issued a notice of determination sustaining the proposed levy and the NFTL filing and rejecting an installment agreement. Petitioner timely filed a petition with this Court.

## Standards of Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and drawn inferences in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute" for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

## Standard of Review in CDP Proceedings

This collection action arises under respondent's authority under section 6201(a)(4)(A) to assess and collect criminal restitution ordered for tax-related crimes. Section 6201(a)(4)(C) expressly precludes taxpayers from challenging the existence or the amount of criminal restitution in a proceeding under the Code. However, taxpayers have the right to challenge actions to collect restitution-based assessments. Carpenter v. Commissioner, 152 T.C. 202, 210-211 (2019), aff'd, 788 F. App'x 187 (4th Cir. 2019).

Where the validity of a taxpayer's underlying tax liability is properly at issue in a CDP hearing, we review respondent's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Otherwise, we review respondent's determination for abuse of discretion, i.e., whether it is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). When an error of law has occurred, the standard of review that we apply makes little difference; we must reject a determination predicated on an erroneous review of the law whether characterized as de novo or abuse of discretion. See Kendricks v. Commissioner, 124 T.C. 69, 75 (2005).

## Restitution-based Assessment

Respondent can make a restitution-based assessment and initiate collection actions only to the extent authorized by section 6201(a)(4)(A), which permits the Secretary to "assess and collect the amount of restitution under an order pursuant

to section 3556 of title 18, United States Code, for failure to pay any tax imposed under this title in the same manner as if such amount were such tax." Section 3556 of title 18, U.S.C., (hereinafter title 18) grants mandatory and discretionary authority to district courts to order restitution under section 3663A and 3663, title 18, respectively, and further provides that "the procedures under section 3664 [title 18] shall apply to all orders of restitution".

Respondent must wait to assess and collect restitution until "all appeals of such order are concluded and the right to make all such appeals has expired." Sec. 6201(a)(4)(B). The parties assert that "all appeals" have concluded and section 6201(a)(4)(B) does not bar assessment or collection.

Respondent's Authority to Collect Restitution for Title 18 Offenses

The District Court exercised its mandatory authority under section 3663A, title 18 to order restitution for petitioner's conspiracy conviction. We have not previously considered respondent's section 6201(a)(4) authority to assess and collect restitution that was ordered on the basis of a conviction for a title 18 offense. Section 6201(a)(4) expressly extends respondent's assessment and collection authority to mandatory restitution under the MVRA. Mandatory restitution is not available to title 26 violations. Accordingly, the plain language of the statute means that Congress intended to extend assessment and collection to tax-related, title 18 offenses to which mandatory restitution applies. Otherwise, the inclusion of mandatory discretion, through the reference to 18 U.S.C. sec. 3556, within respondent's section 6201(a)(4) authority would be meaningless.

The legislative history supports this interpretation and indicates that Congress intended for respondent's section 6201(a)(4) authority to extend to restitution ordered for tax-related, title 18 offenses. See H.R. 5552, 111th Cong., Preamble (2010) (stating that section 6201(a)(4)'s purpose is "to provide for the assessment * * * of certain criminal restitution"); see also Staff of J. Comm. on Taxation, General Explanation of Tax Legislation Enacted in the 111th Congress, at 459-461 (J. Comm. Print 2011) (stating that although restitution cannot be ordered for title 26 offenses, it is mandated in tax-related offenses under title 18 and the IRS is responsible for investigating such offenses).

Petitioner argues that conspiracy does not require a "failure to pay any tax" for purposes of section 6201(a)(4). While a pecuniary loss is not required for a conspiracy conviction, a tax loss is required for a sentencing court to order restitution to the IRS and the restitution is calculated on the basis of the failure to pay tax. See United Sates v. Silkowski, 32 F.3d 682, 689 (2d Cir. 1994) (holding

that restitution may be ordered for losses that are directly caused by the conduct of the offense); see also United States v. Ballistrea, 101 F.3d 827, 831-832 (2d Cir. 1996) (holding a pecuniary loss is not required for a conspiracy conviction). Thus, there was a failure to pay tax. Petitioner seeks to distinguish a tax loss from a failure to pay any tax. For purposes of section 6201(a)(4), we find no distinction in the light of the plain language of the statute and the legislative history that establish that Congress intended to extend respondent's section 6201(a)(4) authority to tax-related title 18 offenses.

The District Court determined the amount of restitution on the basis of tax loss caused by petitioner's clients' failure to pay tax. Our caselaw has extended respondent's section 6201(a)(4) authority to tax not originally imposed on the taxpayer. See Bontrager v. Commissioner, 151 T.C. 213, 222 (2018). Thus, respondent has authority under section 6201(a)(4) to assess and collect restitution ordered for tax loss attributable to petitioner's clients.

Restitution-based Assessment Premature

We begin by considering whether the restitution-based assessments must be abated as premature. Petitioner did not request abatement of the assessment in the four enumerated requests in his motion for summary judgment. However, he asserted that the restitution-based assessment and collection must be made in accordance with the criminal restitution order and that "any and all collection actions" should be abated and terminated.

Petitioner is not entitled to abatement of the restitution-based assessments. Respondent may make restitution-based assessments "at any time" on the condition that "all appeals of such order are concluded and the right to make all such appeals has expired." Secs. 6501(c)(11); 6201(a)(4)(B). Once the amount of restitution is set by court order, respondent may assess the full amount of the restitution even though the taxpayer has no current payment obligation under a court-ordered payment schedule. Notably, respondent may choose to delay assessment until the taxpayer has a current payment obligation. See Catlett v. Commissioner, T.C. Memo. 2019-86 (stating that where respondent had voluntarily abated an earlier assessment during the taxpayer's incarceration as premature, he may reassess the restitution upon the taxpayer's release from prison and at which time the taxpayer would not be able to challenge his liability for the total amount of restitution in this Court irrespective of a payment schedule in the criminal restitution order).

Terms of the Restitution Order

The parties advance differing interpretations of the District Court's restitution order. Petitioner argues that the criminal restitution order delayed his payment obligations until his release from incarceration pursuant to a court-ordered payment schedule. Respondent argues that the District Court ordered full payment immediately due. He relies on the Court's statements during the sentencing hearing that petitioner is "responsible for the full amount of the restitution" and "will pay restitution in a total amount of $371,006,397". Neither statement clearly imposes immediate payment, and at no time during the sentencing hearing did the District Court expressly state that payment was immediately due. Nor does the written judgment clearly impose an immediate payment obligation. Alternatively, respondent argues that his collection authority is independent from the criminal restitution order and, thus, the payment schedule in the restitution order is not controlling.

Federal Tax Lien Notice Filing

Even before section 6201(a)(4)'s enactment, a restitution order operated as a lien in favor of the United States that were essentially equivalent to a Federal tax lien. Under section 3613(c), title 18, a lien automatically arises upon entry of the judgment on all property and rights to property of the criminal defendant. The lien operates as if the restitution is a tax liability assessed under the Code and becomes valid upon filing of a notice of lien in the same manner as the filing of NFTL. Id. Upon the filing of the notice, the restitution order had the same priority, force, and effect as a Federal tax lien. See, e.g., United States v. Loftis, 607 F.3d 173, 179 n.7 (5th Cir. 2010) (stating that "a restitution order [is] enforceable to the same extent as a tax lien"); United States v. Kollintzas, 501 F.3d 796, 802 (7th Cir. 2007) (stating that restitution orders "are effective against every interest in property accorded a taxpayer by state law"). The lien lasts for 20 years after a criminal defendant's release from prison, the restitution is paid, or the defendant dies. 18 U.S.C. sec. 3613(c). The crime victim also to obtain a lien for the full amount of the restitution. See id. sec. 3664(m)(1).

The plain text of section 3613, title 18 makes clear that the lien is automatic upon the entry of the judgment and is for the full amount of the restitution. The statute does not require that that the criminal defendant have a current payment obligation under the restitution order. Thus, the lien automatically arises upon entry of the judgment under section 3613(c), title 18, irrespective of how the criminal restitution order is interpreted.

The statutory provisions governing liens do not grant any discretion to the sentencing court to determine when a lien arises or any authority to vacate the automatic lien. The issue of the timing of payment, which the parties dispute, arises under section 3664, title 18, which provides procedures for district courts ordering restitution. District courts are required to determine the total amount of restitution on the basis of the victim's total loss without regard to the criminal defendant's ability to pay. 18 U.S.C. sec. 3572(d). However, once the total amount of restitution is determined, section 3664(f), title 18, requires sentencing courts to consider the defendant's economic circumstances to determine the timing of the criminal defendant's payment obligations and allows district courts to require immediate payment or set a payment schedule. The sentencing court has "very broad discretion" when determining the timing of payment. United States v. Corbett, 357 F.3d 194, 195 (2d Cir. 2004). Section 3572(d), title 18, likewise recognizes the discretion granted to district courts. It creates a presumption of immediate payment "unless, in the interest of justice", the court provides otherwise.

The statute does not subject the lien's existence to the discretion afforded to sentencing court under section 3664, title 18, for setting a payment schedule on the basis of the defendant's ability to pay. Where we consider two statutory provisions, a basic canon of statutory construction is that a specific provision takes precedence over a general one. See, e.g., Green v. Bock Laundry Mach. Co., 490 U.S. 504, 524 (1989). Thus, the provision specific to the automatic creation of liens controls over the more general statutory provisions that grant discretion to district courts to structure restitution payments. There is no basis to extend the discretion granted to district courts for setting payment schedules to the existence of a lien.

Under title 18, the Government has a right to a lien even where the criminal defendant does not have a current payment obligation under the criminal restitution order. The sentencing court cannot delay the time that the lien arises through setting a payment schedule. Thus, the payment schedule cannot preclude a lien from arising upon entry of the judgment as required by statute. An interpretation otherwise would render the automatic lien provision ineffective. See, e.g., Regions Hosp. v. Shalala, 522 U.S. 448, 467 (1998) (stating that courts must interpret statutes in a manner that gives meaning to each provision and does not render any part superfluous); United States v. Nordic Village, Inc., 503 U.S. 30, 36 (1992).

Moreover, the existence of a lien would not accelerate petitioner's payment obligations under the restitution order or impose a current payment obligation that is inconsistent with the restitution order (assuming petitioner's understanding of the criminal restitution order is correct). In this way, the title 18 provisions are

consistent with title 26 lien provisions. A Federal tax lien "is not self-executing." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 720 (1985). Respondent must take some further action to collect the amount owed. The lien merely protects respondent's interests. It exists to secure the restitution obligation and to give the Government priority against other creditors. United States v. Klein, 2007 WL 2274254, at *4 (S.D.N.Y. 2007), aff'd, 297 F. App'x 19 (2d Cir. 2008). A lien itself does not collect restitution in excess of amounts currently due under the restitution order. We have recognized that restitution is not a tax imposed by the Code; it is an amount assessed and collected "in the same manner as if such amount were such tax". Klein v. Commissioner, 149 T.C. at 352. The "as if" text of section 6201(a)(4) grants to respondent the authority to use lien and levy provisions under sections 6320 and 6330, respectively, to collect restitution-based assessments

We sustain respondent's determination with respect to the filing of a NFTL. The lien is automatic and does not depend on whether the defendant has a current obligation under the court-ordered payment schedule. The filing of NFTL does not usurp the authority granted to the district court to determine whether to order payment immediately due or to set a payment schedule on the basis of the defendant's economic circumstances. See United States v. Cabral, 2017 WL 2562295, at *3 (D.D.C. 2017).

Proposed Levy

The parties' different readings of the criminal restitution order may impact whether the determination to sustain the proposed levy is correct. The administrative record indicates that the SO did not evaluate whether the criminal restitution order made payment immediately due or delayed petitioner's payment obligations until his release from prison and likewise did not consider the implications of whether petitioner had a payment obligation when respondent initiated the proposed levy.

Petitioner proffered an installment agreement that conforms to the payment schedule set forth in the criminal restitution order. A payment schedule in a criminal restitution order is not an installment agreement as defined by the Code. Reynolds v. Commissioner, T.C. Memo. 2021-10. The SO rejected the proffered installment agreement and sustained the proposed levy on the basis that petitioner did not provide financial records to substantiate his inability to pay after providing petitioner additional time to provide the documentation.

Petitioner asserts that he demonstrated his inability to pay on the basis of his conviction, forfeiture of assets, and incarceration. In his petition, he asserted that he does not have access to financial records or information because of his incarceration and that he understands that he has no available assets to pay the assessment because "any available assets have been restrained, seized, frozen or forfeited by the U.S. Attorney's Office".

As explained further below, precedent from the Second Circuit indicates that the District Court determined that petitioner did not have the ability to pay the full restitution at the time the judgment was entered. The SO did not consider the District Court's decision when he rejected the installment agreement offer, which was a mistake of law and abuse of discretion. We remand to the SO for further consideration of petitioner's ability to pay. We find petitioner's claim that he cannot provide the financial documentation specious and admonish him to cooperate fully with the SO if he desires to avoid the proposed levy.

The criminal restitution order should be read harmoniously with title 18 as applied in accordance with precedent from the Second Circuit. While petitioner resided in Illinois when he filed his petition, he was sentenced in the Southern District of New York and precedent from the Second Circuit informed the District Court's decision in setting the terms of the restitution order. Accordingly, the restitution order should be read in the light of the statutory requirements for criminal restitution orders under title 18 as interpreted by the Second Circuit.

Caselaw from the Second Circuit suggests that the District Court's decision to include a payment schedule means that the District Court determined that petitioner lacked the ability to pay the restitution in full immediately. District courts have authority to devise a payment schedule only for the periods of incarceration and supervised release. See United States v. Walker, 353 F.3d 130, 131 (2d Cir. 2003). Second Circuit precedent requires district courts to provide payment schedule where the criminal defendant lacks the ability to pay and has held that it is abuse of discretion for a district court to order restitution immediately due when the criminal defendant lacks the ability to pay the full restitution.[2] See

---

[2]Respondent cites cases from the Seventh Circuit, to which this case is appealable absent a stipulation to the contrary, as well as other circuits to argue the restitution order requires immediate payment. The Seventh Circuit appears to take a different approach than the Second Circuit and may not find abuse of discretion for the sentencing court to order immediate payment when the criminal defendant lacks the ability to pay. We direct the SO to consider Second Circuit precedent.

<u>United States v. Benton</u>, 765 F. App'x 477, 482 (2d Cir. 2019) (holding that the district court erred by ordering immediate payment where the defendant did not have the ability to pay); <u>United States v. Kinlock</u>, 174 F.3d 297, 301 (2d Cir. 1999); <u>United States v. Mortimer</u>, 52 F.3d 429, 436 (2d Cir. 1995) (holding that the district court abused its discretion by ordering immediate payment).

Furthermore, the Court of Appeals for the Second Circuit has also required a district court to set a payment schedule for the period of incarceration where it has ordered restitution immediately due. <u>See</u> <u>Kinlock</u>, 174 F.3d at 300. The SO should consider this precedent when determining whether the District Court intended to order payment immediately due. This precedent from the Second Circuit is also relevant to whether we would read the criminal restitution order as making payment immediately due.

We presume that the District Court considered the statutory requirements of restitution orders and was mindful of the overall statutory goal of fully compensating crime victims without regard to the defendant's financial circumstances. Notably, the District Court set the payment schedule on the basis of the criminal defendant's economic circumstances and had full view of the facts after it ordered forfeiture of $167 million of petitioner's assets, which clearly diminished his ability to pay, and sentenced him to a 15-year prison sentence, which significantly impairs his ability to improve his financial condition. The District Court had petitioner's financial information before it as part of the presentence report when it set the payment schedule.

Respondent has cited numerous cases from other circuits that seem to take a different approach to the inclusion of a court-ordered payment schedule than the Second Circuit. The cited cases generally involve sentencing courts that allowed the Government to collect amounts in excess of the amounts due under the court-ordered payment schedules. Notably, each of the cases involved criminal restitution orders that made payment immediately due and contained payment schedules or criminal defendants who otherwise had a current payment obligation under the restitution order. None of the cases that respondent cites appear relevant in the light of Second Circuit precedent that district courts should not order payment immediately due and must set a payment schedule where the criminal defendant lacks the ability to pay the full restitution. Under Second Circuit precedent, inclusion of a payment schedule indicates that the sentencing court determined that the criminal defendant lacked the ability to pay the full amount. Respondent has not cited any cases from the Second Circuit where a district court has ordered payment immediately due and set a payment schedule or that has

allowed collection against an incarcerated defendant who is under a payment schedule only after his release from prison.[3]

Accordingly, we sustain the restitution-based assessment for the full amount of the restitution ordered by the District Court and the determination to sustain the NFTL filing and hold the motion in abeyance with respect to the proposed levy for the SO to consider an installment agreement on the basis of petitioner's asserted inability to pay the restitution in full.

Accordingly, it is

ORDERED that petitioner's Motion for Summary Judgment is denied in part with respect to the abatement of the restitution-based assessment and the NFTL filing. Petitioner's motion is held in abeyance with respect to the proposed levy. It is further

ORDERED that this case is remanded to respondent's Office of Appeals for the purpose of conducting a further administrative hearing to be held no later than July 6, 2022, for determination of petitioner's proffered installment agreement for review of petitioner's ability to pay. It is further

ORDERED that the parties are directed on or before August 5, 2022, to file with the Court a joint written report as to the then current status of this case.

**(Signed) Joseph Robert Goeke**
**Judge**

---

[3]Respondent has raised numerous issues that we have not addressed including whether the criminal restitution order imposed an immediate payment obligation, whether his collection authority is limited to the payment schedule in the criminal restitution order, and whether he will be able to collect any unpaid balance of the restitution when petitioner's supervised release ends.



# United States Tax Court
Washington, DC 20217

PAUL M. DAUGERDAS,

       Petitioner

       v.

COMMISSIONER OF INTERNAL
REVENUE,

       Respondent

Docket No. 7350-20L

## ORDER AND DECISION

Pursuant to the opinion of the Court as set forth in the pages of the transcript of the proceedings before Judge Joseph Robert Goeke at Chicago, Illinois containing oral findings of fact and opinion, it is

ORDERED that petitioner's Motion for Summary Judgment, filed July 19, 2024, is granted in part with respect to the attempt to collect via levy and denied in part with respect to petitioner's request for an installment agreement. It is further

ORDERED and DECIDED that the notice of Federal tax lien filing as determined in the Supplemental Notice of Determination Concerning Collection Action, dated April 2, 2024, is sustained, however the attempt to collect via levy is not sustained. Petitioner's request for an installment agreement is denied.

**(Signed) Joseph Robert Goeke**
**Judge**

**Entered and Served 10/09/24**

**DOCKET NUMBER 25-1055**
**U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the BRIEF OF PETITIONER-APPELLANT in

the above-captioned matter was served on Respondent Commissioner-Appellee

by mailing a copy of the same on _____2/17/2025_____ in a certified postage

paid envelope addressed as follows:

> Marie E. Wicks, Attorney
> U.S. Department of Justice
> Tax Division, Appellate Section
> P.O. Box 502
> Washington, D.C. 20044

Date:___2/17/2025___

Paul M. Daugerdas
*Pro Se*
816 Forest Avenue
Wilmette, Illinois, 60091-1718
(312 890-3333